Dear Mr. LeBlanc:
This office is in receipt of your request for an opinion of the Attorney General relative to maternity leave for female police officers in the City of Gretna. You ask what obligation the police department has in establishing a maternity leave policy for its female police officers.
R.S. 33:2214 is in regard to annual and sick leave for police departments of municipalities having a population of not less than twelve thousand nor more than two hundred fifty thousand. In Section (B) it is provided the employees of the police departments of municipalities within this population range "shall be entitled to and given with full pay a sick leave aggregating not less than fifty-two weeks during any calendar year when the conditions actually warrant."
Attorney General Opinion No. 77-1002 was based upon this statute wherein it was stated the police officer would be entitled to sick leave as a result of pregnancy. We believe this is obviously correct under the provision that directs the police employee is entitled to sick leave "when the conditions actually warrant." In this regard it was further stated in the opinion that whether conditions warrant absence from work should be based upon the opinion of a physician.
While there is no mandate that a particular policy be established for maternity leave under this statute, leave is required insofar as the conditions of pregnancy require absence from work. It does not focus on the condition of pregnancy but on the actual effects of that condition on the ability to work.
R.S 23:1008 further supports this conclusion wherein it makes it unlawful employment practice for any employer to discriminate against any female employee because of pregnancy in regard to the terms, conditions or privileges of employment. In fact, it is mandated therein that pregnancy, childbirth and related medical conditions be treated "as any other temporary disability" although no employer shall be required to provide a female employee disability leave on account of normal pregnancy, childbirth or related medical conditions for a period exceeding six weeks.
Attorney General Opinion No. 80-294 is relative to the amendment to Article VII of the Civil Rights Act of 1964 as it pertains to sex discrimination because of pregnancy. Quotations therein from Report No. 95-948, 95th Congress, 2d Session from the Committee on Education and Labor of the House are applicable here:
This legislation would clearly establish that the prohibition against sex discrimination in Title VII of the Civil Rights Act of 1964 includes a prohibition against employment-related discrimination on the basis of pregnancy, childbirth, or related medical conditions. * * *
The bill would simply require that pregnant women be treated the same as other employees on the basis of their ability or inability to work.* * *
This bill would prevent employers from treating pregnancy, childbirth and related medical conditions in a manner different from their treatment of other disabilities. In other words, this bill would require that women disabled due to pregnancy, childbirth or other related medical conditions be provided the same benefits as those provided other disabled workers. * * *
The only time the employer will be required to allow pregnant workers to use this leave is during the time they are medically unable to work, during the same period of time and under the same terms applicable to other employees. For example, if a woman wants to stay home to take care of the child, no benefit must be paid because this is not a medically determined condition related to pregnancy. And, if an employer has a temporary disability program which pays up to 15 weeks * * * that does not mean a pregnant worker can receive benefits for all of those 15 weeks. She may only receive benefits for those weeks during which she is medically unable to work. Testimony before the Committee indicates that in 95 percent of the cases, the time lost from work due to pregnancy is six weeks or less, so barring any medical complications, this period would be the normal time a pregnant woman would be covered. If, however medical complications arose, which is the case in about 5 percent of all pregnancies, these complications should be covered by the same time limits or dollar amounts otherwise provided disabled workers.
Consequently, for a normal pregnancy and childbirth a police woman must be given leave similar to that any other officer would receive for a temporary disability. It is generally recognized the period of disability for a normal pregnancy is four to eight weeks, and by law for a normal pregnancy disability leave need not exceed six weeks. R.S. 23:1088(2)(a)(ii). Although the law does not mandate a specific policy be established, it would seem in the best interest of all concerned that a policy be established for leave for a normal pregnancy for six weeks rather than proceeding on a case by case basis of temporary disability.
However, it is important to recognize this is for a normal pregnancy. When something other than a normal pregnancy is involved, an officer's ability to work must be determined by a physician in order to comply with the statutory provision that she is entitled to sick leave with full pay "when the conditions actually warrant."
We hope this sufficiently answers your question, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General